

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-91,496-01

### EX PARTE TARA RENEE GOODE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. C-213-W011693-1454530-A IN THE 213TH DISTRICT COURT
### FROM TARRANT COUNTY

*Per curiam*.

## O R D E R

Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07. On June 16, 2021, we remanded the application for development of the record and the entry of findings and conclusions. We received the record after remand on September 13, 2021, and September 20, 2021.

Under Article 11.07 of the Texas Code of Criminal Procedure, a district clerk is required to forward to this Court, among other things, "the application, any answers filed, any motions filed, transcripts of all depositions and hearings, any affidavits, and any other matters such as official records used by the court in resolving issues of fact." *Id*. at § 3(d); *see also* TEX. R. APP. P. 73.4(b)(4). However, the record that was forwarded to this Court appears to be incomplete.

Specifically, both parties refer to the reporter's record of an evidentiary hearing that took place via "Zoom" and in person on August 10, 2021. *See, e.g.,* Clerk's 1ˢᵗ Supplemental Record, pp.56 & n.1, 57-58 (State's proposed findings and conclusions, adopted by the trial court); pp.64-66 (Applicant's proposed findings and conclusions). But the record forwarded to this Court does not include the reporter's record of that hearing.

The district clerk shall either forward the reporter's record of the evidentiary hearing to this Court or certify in writing that the reporter's record of the evidentiary hearing is not part of the record. The district clerk shall comply with this order within thirty days from the date of this order.

Filed: October 13, 2021
Do not publish